## J. N. BAILEY v. AUGUST BEHRANT.

MANDAMUS—*Insufficient Answer — Demurrer Sustained, No Error.*
In a *mandamus* proceeding, where the answer to the alternative writ is so defective that it does not show any good and sufficient reason for a failure to do the thing commanded in the writ, no error is committed in sustaining a demurrer thereto.

*Error from the District Court of Payne County.*

*Frank A. Hutto* and *Robert A. Lowry*, for plaintiff in error.

*A. T. Neill* and *J. R. Clark*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: On the 9th day of February, 1893, the defendant in error, August Behrant, filed his petition

in the district court of Payne county, Oklahoma Territory, alleging that on the 23d day of November, 1892, he and Maggie Behrant were defendants in an action tried before J. N. Bailey, defendant in the court below, who was at that time a justice of the peace of Payne county, Oklahoma Territory, and in which George Daman was plaintiff, and that on the trial of said cause, before said justice of the peace, judgment was rendered in favor of George Daman, the plaintiff therein, and that within the time required by law, the defendants in said justice court gave written notice of an appeal from said judgment, and that, afterwards, on the 17th day of January, 1893, the defendants in said justice court filed a good and sufficient appeal bond, in the sum of one hundred dollars, signed by two good and sufficient sureties, who justified as the law required, with said J. N. Bailey; and that the petitioner also paid the sum of $1.00 to said justice for the transmission of a transcript in said cause to the district court of said county, and, notwithstanding these things, the said J. N. Bailey refused to send a certified transcript of the proceedings in said cause to the district court. The petition of the relator asked that a writ of *mandamus* issue, commanding the said J. N. Bailey, justice of the peace, to transmit a certified copy of all the proceedings had in the trial of said cause before him to the clerk of the district court. Upon this petition an alternative writ of *mandamus* was issued, requiring the said justice of the peace to transmit to the clerk of the district court of Payne county, Oklahoma Territory, a certified transcript of the proceedings had in said cause, or to show cause why he does not so do, on the day named in the writ. Bailey appeared in this action and filed his answer, and, afterwards, by leave of court, his amended answer. In his amended answer he set up as the reason why he had not sent, and why

he ought not to send, a transcript of the proceedings in said cause to the district court, that the bond given by said August and Maggie Behrant was never approved by him, and that "when said George Daman attempted to appeal said cause to the district court, that he was specifically notified that said bond was not approved, and that said defendants, August Behrant and Maggie Behrant, excepted thereto, and in direct violation of the order of this defendant, they neglected and refused to appear before this defendant, J. N. Bailey, and justify by law as required, and in accordance with said order of said court, J. N. Bailey; and neglected and refused to take any further action in said cause." This amended answer also stated that the original answer was made a part of the amended answer. The original answer contained the allegation: "And that within five days after the filing of said bond an exception was filed by the opposing party." And, also, the further statement "that due notice of said exception was served on the appellants and that they failed to justify to the amount stated in bondsmen affidavit within five days thereafter." There were some other allegations in the answer and amended answer not necessary to be stated, as they do not bear upon the question raised. To this amended answer the court sustained the demurrer of the plaintiff and rendered judgment in favor of the plaintiff, commanding the said J. N. Bailey to file a transcript as provided by the alternative writ.

The point urged as the reason for reversing this judgment is that, under § 5255 of the Statutes of 1890, under which the case was tried in the justice court, it is provided that, after an appeal bond is filed by the party against whom the judgment is rendered, "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before

the justice before whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given," and that by reason of this statute the demurrer of plaintiff below to the answer of defendant below should have been overruled. And it is urged by plaintiff in error that this statute is mandatory, and that, as the defendant in error did not have his sureties justify, as it is claimed he should have done under this statute, the appeal sought to be taken was of no force or effect.

It is wholly unnecessary for us to place a construction upon this statute under the pleadings in this cause, for, although it may be that plaintiff in error intended to prepare his answer in the court below so as to raise this question, his pleading was so imperfectly and defectively drawn as not to justify us in passing upon the question he seeks to raise. His strongest allegation is "that within five days after the filing of said bond an exception was filed by the opposing party." But what kind of an exception was this? Was it an exception to allowing an appeal at all? Was it an exception to the sufficiency of the sureties? There is nothing either in the original or in the amended answer which informs us on this question. In truth, the amended answer states that August Behrant and Maggie Behrant were the parties who filed the exceptions, and does not allege, either directly or inferentially, that George Daman, the plaintiff, filed an exception of any kind to the appeal bond. We cannot consider such pleadings as containing a direct allegation that the party against whom August Behrant and Maggie Behrant were taking an appeal filed any exception "to the sufficiency of the sureties," and unless George Daman did file such exception, then it was wholly unnecessary for August

Behrant and Maggie Behrant to present their sureties before the justice of the peace for justification, upon notice to the adverse party. No matter what view we might take of the question as to whether or not the statute referred to is mandatory and requires the justification upon notice, as claimed by plaintiff in error, his answer in the court below is so entirely wanting in respect to the necessary allegations, which he now claims were good as against the demurrer of the plaintiff below, that we cannot say the district court committed any error in sustaining the demurrer. The allegations of this answer were not sufficient to show any reason to the district court, on the part of the justice of the peace, for his failure to transmit a certified copy of his record in the proceedings referred to to the district court.

The judgment of the district court is affirmed with costs against plaintiff in error.

Dale, C. J., not sitting; all the other Justices concurring.